# Exhibit "A"

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF KENT

BEATRICE MAYWEATHER,

    Plaintiff,

-vs-                              Case No. 23-07004 NO

WALMART, INC., a Foreign Profit Corporation
individually and d/b/a WALMART #2493

WAL-MART STORES EAST, LP, a Foreign
Limited Partnership, individually and d/b/a      J. JOSEPH ROSSI
WALMART #2493

    Defendant.
_____/
LAW OFFICE OF KELMAN & FANTICH
BRIAN L. FANTICH P60935
CARRA STOLLER P64540
ADAM J. GANTZ P58558
Attorneys for Plaintiff
30903 Northwestern #270
Farmington Hills, MI 48334
(248) 855-0100
FAX (248) 855-3557
_____/

## COMPLAINT

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil actions, nor between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is ether pending or was previously field and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this Court.

NOW COMES the above-named Plaintiff, by and through her attorneys, LAW OFFICE OF KELMAN & FANTICH, and files this Complaint against the Defendant, and states as follows:

1.    That Plaintiff is a resident of the City of Grand Rapids, County of Kent, State of Michigan.

2.    That at all times hereinafter mentioned, prior and subsequent thereto, Defendant, WALMART, INC., a Foreign Profit Corporation, individually and d/b/a WALMART #2493 doing

business at 5859 28th Street, in the City of Grand Rapids, County of Kent, State of Michigan with its resident agent, The Corporation Company, 40600 Ann Arbor Rd., Ste. 201, Plymouth, MI 48170.

3. That at all times hereinafter mentioned, prior and subsequent thereto, Defendant, WAL-MART STORES EAST, LP, a Foreign Limited Partnership, individually and d/b/a WALMART #2493, doing business at 5859 28th Street, in the City of Grand Rapids, County of Kent, State of Michigan with its resident agent, The Corporation Company, 40600 Ann Arbor Rd., Ste. 201, Plymouth, MI 48170.

4. That the amount in controversy herein exceeds the sum of Twenty Five Thousand ($25,000.00) Dollars exclusive of costs, interest and attorney fees.

5. That on or about July 21, 2021, the Defendants did business and were the owners and/or maintainers of real property located at 5859 28th Street, in the City of Grand Rapids, County of Kent, State of Michigan.

6. That on that date Plaintiff was a business invitee at Defendant's establishment located at 5859 28th Street, in the City of Grand Rapids, County of Kent, State of Michigan, and was on Defendants' premises when suddenly and without any warning, Defendant's employee, negligently and carelessly mopping the floor when suddenly and without warning violently tripping Plaintiff with the handle of the mop. Defendant's and its employees and representatives said active negligence forced Plaintiff to be violently thrust to the ground causing Plaintiff to sustain serious/permanent and disabling injuries.

7. That the location where the incident occurred, at the time of the incident herein complained, was owned and under the possession and control and maintained by Defendants, and Defendants were responsible for the safety of its business invitees.

8. That at the time, place and location aforesaid, it was the duty of the Defendants, by its

agents, employees, and representatives on its behalf, to exercise reasonable care in maintenance and transporting of items (i.e. mop) throughout the Defendant's premises, and to keep the premises in a reasonably safe condition for Plaintiff and other persons in accordance with the laws of the State of Michigan.

9. That Defendants are responsible for the active negligence of its employees under the doctrine of respondeat superior and are also liable for the injuries sustained by Plaintiff.

10. That Defendants under a separate and distinct duty owed to Plaintiff, are responsible for the active negligence of its employees and are liable to Plaintiff for the injuries sustained to her.

11. That Defendant's had possession and control over the premises where this incident occurred.

12. That Defendants under a separate and distinct duty owed to Plaintiffs Defendants negligently performed their respective obligations-duties to the detriment of Plaintiff under the contract causing severe and disabling injuries giving rise to tort liability.

13. That Defendants under a separate and distinct duty owed to Plaintiff Defendants through their respective active negligence created a new hazard altering the premises which posed an unreasonable risk of harm to the detriment of Plaintiff causing severe and disabling injuries.

14. That Defendants under a separate and distinct duty owed to Plaintiff is liable under a theory of storekeeper liability and breached its duties as a storekeeper under Michigan law to the detriment of Plaintiff.

15. That notwithstanding Defendants obligations and in total disregard of said duties, the Defendants breached the same by the following acts, including but not limited to:

    a. Negligently and carelessly using a mop without regard for the safety of its business invitees. Failing to notify plaintiff in order to prevent Plaintiff from being injured by Defendants during its transportation process. Permitting said dangerous situation to occur in an area where customers would congregate, although Defendants knew, or in the exercise of reasonable care and diligence should have known of the potential hazards thereof;

3

    b.    Permitting a active negligence/dangerous condition to exist on said premises and allowed and permitted said premises, to remain in an unsafe condition, although Defendant knew, or in the exercise of reasonable care and diligence should have known thereof;

    c.    Failing to properly train its agents, servants/employees in maintenance of the premises and transporting items and protect business invitees of the dangerous situation, or in the alternative, to give adequate notice or a warning to Plaintiff and other persons lawfully on said premises of the hazards Defendants created although Defendants knew of, or in the exercise of reasonable care and diligence should have known of the dangers inherent to its actions;

    d.    Failing to keep the area where customers would be standing in a condition fit for its intended and foreseeable use.

    e.    Defendants owed Plaintiff an independent, separate and distinct duty to provide safe, dependable, and reliable use of a mop without causing injury to Plaintiff by negligently causing Plaintiff's injuries.

16. That in the happening of the incident complained of herein, Plaintiff was not guilty of negligence or comparative negligence but that, as a direct and proximate result of the negligence active negligence, gross negligence and carelessness of the Defendants, by and through its agents and/or employees, your Plaintiff suffered severe personal injuries as follows:

    a.    Severe injuries to both hands and wrists requiring surgery; permanent scarring; injuries to both knees; diminished extension, flexion, and range of motion, altered gait, permanent limp, inability to ambulate, injuries to shoulders; injuries to head, neck and back; injuries to stomach and ribs; nerve damage, upper and lower extremity injury, decrease in gross and find motor skills, severe shock, as well as physical pain and suffering;

    b.    The requirement of months of intense therapy, which injury is permanent in nature;

    c.    Severe humiliation and embarrassment, which is of an ongoing and permanent nature;

    d.    Loss of full ability to perform the normal vocational and avocational activities of life, and which prevent Plaintiff from participating in recreational activities, which loss is permanent;

    e.    Loss of past, present, future wage loss and future earning capacity

    f.    Past, present and future hospital, medical, and pharmaceutical bills for treatment and medication;

    g.    Severe, frequent and persistent pain which is of a continuing and permanent nature.

17. That in the event that Plaintiff was suffering from any other medical and/or emotional condition, then in that event, Plaintiff claims that those conditions were precipitated, aggravated and/or accelerated by reason of the foregoing incident herein described.

WHEREFORE, Plaintiff prays for Judgment against the Defendant in whatever amount above Twenty Five Thousand Dollars ($25,000.00) that Plaintiff may be found to be entitled plus costs, interest and attorney fees so wrongfully sustained.

LAW OFFICE OF KELMAN & FANTICH

By: _____
BRIAN L. FANTICH P-60935
Attorney for Plaintiff

Dated: July 19, 2023

5